# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| EUSTOLIO C. GARCIA, | DOCKET NUMBER |
| Appellant, | DA-0752-15-0297-I-1 |
| v. | |
| DEPARTMENT OF HOMELAND SECURITY, | DATE: August 24, 2016 |
| Agency. | |

## THIS FINAL ORDER IS NONPRECEDENTIAL[*]

Mark Conrad, Esquire, Huffman, Texas, for the appellant.

Darryl M. McCranie and Mary E. Garza, Esquire, Edinburg, Texas, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1    The appellant has filed a petition for review of the initial decision, which affirmed his removal. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the

---

[*] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2 Effective March 5, 2015, the agency removed the appellant from his GS-12 Border Patrol Agent position based on a charge of Failure to Provide Information During a Background Investigation Personal Interview. Initial Appeal File (IAF), Tab 8 at 4-7, 15-21. The appellant appealed his removal and alleged that the agency committed harmful error and due process violations. IAF, Tab 1, Tab 21 at 2. After holding the requested hearing, the administrative judge affirmed the removal upon finding that the agency proved its charge, the appellant failed to prove his affirmative defenses, and the agency proved that removal promoted the efficiency of the service and the penalty was reasonable. IAF, Tab 23, Initial Decision.

¶3 The appellant raises three arguments in his petition for review. First, he contends that the agency should have called as a witness the investigator who conducted his background investigation interview to authenticate the affidavit she generated for the appellant's signature at the completion of the interview. Petition for Review (PFR) File, Tab 1 at 2. The appellant questions whether the investigator actually asked the question at issue and alleges that he does not remember the question coming up during the interview. *Id.* He asserts that the "question and answer form [was] later initialed by the [appellant] as if he had

read each page." *Id.* The appellant's sworn statement contains an admission that he knew his sister had been arrested for drug smuggling when he completed his preemployment documents. His suggestion on review that the statements in his sworn statement should not be binding because he did not actually read the statement before signing it is unpersuasive.

¶4　　More importantly, the appellant is essentially invoking the best evidence rule, which does not apply in Board proceedings. *See Howard v. Office of Personnel Management*, 31 M.S.P.R. 617, 620 (1986). The record already contains evidence that is sufficient to sustain the charge, in particular, the appellant's stipulations. IAF, Tab 18 at 6-7, ¶¶ 9-14, Tab 21 at 1. A stipulation satisfies a party's burden of proving the fact alleged. *Anderson v. Tennessee Valley Authority*, 77 M.S.P.R. 271, 275 (1998); 5 C.F.R. § 1201.63. Thus, the testimony of the investigator would have been duplicative and unnecessary, and the administrative judge would have been within his discretion to deny the witness if either party had attempted to call her.

¶5　　Second, the appellant asserts that, by including the phrase "propensity to be untruthful" in the notice of proposed removal, the agency implied that he made more than one untruthful statement. PFR File, Tab 1 at 2-3; IAF, Tab 8 at 5. According to the appellant, the suggestion that he had more than one instance of dishonesty reflects bias and unfairness in the agency's process. The Board is required to review the agency's decision on an adverse action solely on the grounds invoked by the agency, *see, e.g.*, *Gottlieb v. Veterans Administration*, 39 M.S.P.R. 606, 609 (1989), but not every word contained in a notice of proposed removal is a charge that has to be proven. What is relevant here is that the objectionable statement was in the notice of proposed removal, thereby giving the appellant notice that it was a potential consideration and an opportunity for him to respond to it. The "propensity to be untruthful" statement does not appear in the removal notice, nor does any other statement that implies

that the appellant has any other instances of dishonest behavior or misconduct of any kind.

¶6     Furthermore, the appellant takes the phrase out of context. The phrase is used in the context of explaining that the appellant's misconduct compromises his credibility should he ever be called to provide testimony in court. As used in this manner, the phrase does not appear to imply that he has an inherent tendency to be untruthful *now*, but that he could be viewed that way in the future if the agency sustained the charge.

¶7     Third, the appellant alleges that the agency violated a provision of the collective bargaining agreement requiring adverse actions to be brought "at the earliest practicable date." PFR File, Tab 1 at 3; IAF, Tab 16 at 7-8. The appellant characterizes this as a denial of due process, but constitutional due process requires only notice and a meaningful opportunity to respond. *See, e.g.*, *Stephen v. Department of the Air Force*, 47 M.S.P.R. 672, 680 (1991). Thus, his claim is more accurately characterized as a harmful error claim.

¶8     Harmful error under 5 U.S.C. § 7701(c)(2)(A) cannot be presumed; an agency error is harmful only when the record shows that the procedural error was likely to have caused the agency to reach a conclusion different from the one it would have reached in the absence or cure of the error. *Stephen*, 47 M.S.P.R. at 681, 685. The appellant has not claimed that the agency's alleged violation of the collective bargaining agreement likely caused the agency to reach a result different than it would have reached had it issued the notice of proposed removal earlier. The appellant's only claim of harm is the personal suffering he endured while being under investigation for 11 months. PFR File, Tab 1 at 3. However, he has not explained how the personal harm he suffered would have affected the agency's decision to remove him.

¶9     Accordingly, we affirm the initial decision.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The

Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:                          _____
                                        Jennifer Everling
                                        Acting Clerk of the Board

Washington, D.C.